UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA            CASE NO. 8:18-cr-119-T-27JSS

vs.

HENRY FAVIO GONZABAY

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE**

COMES NOW, the Defendant, **HENRY FAVIO GONZABAY**, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Gonzabay moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Gonzabay states the following:

### I. MR. GONZABAYS' BACKGROUND

Mr. Gonzabay is a 35 year old native of Ecuador. Mr. Gonzabay along with his four siblings were raised by his parents. His Father worked as a construction worker and his Mother ran a small business selling food. His parents did their best to provide for the four children and family maintains a close relationship. Mr. Gonzabay's father Fernando Gonzabay passed away when Mr. Gonzabay was 18 years old. The family has not fully recovered emotionally or financially from the passing of their father. His mother was a homemaker during the duration of his childhood.

Prior to this offense, Mr. Gonzabay has worked consistently as a fisherman to provide for his own family. His common-law wife Marjorie Arias Valverde and his minor children lived in a home in Esmeralda, Ecuado. Mr. Gonzabay is in average health, suffering possible arthritic pain in his knee and pain in his arm from a previous injury. He does not have any history of using illegal drugs. He does not suffer from any mental issues.

1

Mr. Gonzabay has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better his financial situation for his family.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On March 13, 2018 the grand jury in the Middle District of Florida returned indictment charging Mr. Gonzabay, and co-defendants with a two-count Indictment for Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and (b), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On August 5, 2016, Mr. Gonzabay pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on May 9, 2018.

The probation officer correctly calculated Mr. Gonzabays' advisory guideline range. PSR ¶¶31. With an offense level of 36, and a criminal history category I, Mr. Gonzabays' guideline imprisonment range is **108 months to 135 months**.

## MEMORANDUM OF LAW AND ARGUMENT

This Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining Mr. Gonzabay's sentence. Considering each of the relevant factors in light of this case, and Mr. Gonzabay's life and background; he should be sentenced to no more than 108 months in prison. In the alternative, should the United States choose to recognize the substantial assistance Mr. Gonzabay's provided it and file a motion pursuant to the provisions of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court should sentence Mr. Gonzabay to 70 months in prison.

Seventy months in prison for the crime Mr. Gonzabay committed is more than sufficient, and any sentence more than 70 months is unreasonable and unduly harsh. While Mr. Gonzabay committed a federal crime, he admitted his involvement in a timely manner, expressed extraordinary remorse and regret over his participation in the crime, agreed to cooperate immediately with federal agents and told them everything he knew related to this case, and entered his guilty plea knowing he will

be deported after serving a lengthy term of incarceration. Furthermore, the nature and circumstances of his offense, his personal history, and his relative youth and personal characteristics weigh in favor of a sentence of 70 months, and no longer than 87 months. While his behavior and actions related to this case were wrong, they were not violent in nature. Mr. Gonzabay never used violence and never issued threats of violence, he has no criminal history, and he poses no personal danger to anyone in any society. Finally, his involvement in the conspiracy and role in the offense were not even remotely sophisticated.

In addition, under the parsimony principal, which requires a district court to impose a sentence "sufficient, but not greater than necessary to comply with the purpose of sentencing" set forth in 18 U.S.C. § 3553(a)(2), the sentence in this case should be the minimum necessary to accomplish the listed purposes. Each of the purposes listed by 18 U.S.C. § 3553(a)(2) would be achieved with a prison sentence of 70 months. With regard to a just punishment and deterrence, Mr. Gonzabay's actions were no doubt morally wrong, legally forbidden, and misguided, and the requested sentence, which will be followed with deportation, would effectively and adequately punish him for those actions. Such a sentence would also deter him from returning to such unlawful and immoral activities in the future, no matter how desperate he became, and would lead both Mr. Gonzabay and the general public to seriously consider the behavior they choose to engage in.

### III. REQUEST FOR A REASONABLE SENTENCE

Mr. Gonzabay respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

**A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Gonzabay [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Gonzabay, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Gonzabay is 35 years old, he has two minor children that he has cared for since birth. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense.

**B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Gonzabay has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions. Mr. Gonzabay is devastated at his choices and now his inability to assist his family financially. He only wishes to use his time wisely to learn English and expand of his knowledge base on a new trade. Mr. Gonzabay is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Gonzabay, the punitive purpose of sentencing can be achieved with a below-range sentence.

**CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Gonzabay requests that a sentence of 70 months is more than reasonable in this case.

Respectfully submitted,

/s/ Cynthia Hernandez

CYNTHIA J. HERNANDEZ, ESQUIRE
Florida Bar No.: 0010422
3030 N. Rocky Point Dr., Suite 150
Tampa, FL 33607
Telephone: (813) 841-2933
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2018 a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Matthew Perry, AUSA

matthew.perry@usdoj.gov

/s/ Cynthia Hernandez

CYNTHIA J. HERNANDEZ, ESQUIRE